# United States Bankruptcy Court
## Western District of Oklahoma

In re  **James F. Dudley** _____     Case No.  **12-10748-NLJ** _____

Debtor(s)     Chapter  **13** _____

# CHAPTER 13 PLAN

1.  <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of  **$1,120.00**  per month for **60**  months.

Total of plan payments: **$67,200.00**

2.  <u>Plan Length</u>: This plan is estimated to be for **60** months.
Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

3.
a.      Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.
b.      Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.
c.      All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4.  From the payments received under the plan, the trustee shall make disbursements as follows:
a.      Administrative Expenses
(1) Trustee's Fee:   **6.30**%
(2) Attorney's Fee (unpaid portion):   **$3,200.00 to be paid through plan in monthly payments of $200.00 for 16 months.**
(3) Filing Fee (unpaid portion):  **NONE**
b.      Priority Claims under 11 U.S.C. § 507

(1) Domestic Support Obligations
(a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
(b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).
  **-NONE-**
(c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
  Creditor (Name and Address)                         Estimated arrearage claim                  Projected monthly arrearage payment
    **-NONE-**
(d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.
  Claimant and proposed treatment:      **-NONE-** _____

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **Oklahoma Tax Commission** | **3,000.00** | **4.00%** |

c.      Secured Claims

(1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **-NONE-** | | |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-None-** | | | |

(b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **PNC Mortgage** | **19,041.00** | **377.07** | **7.00%** |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **PNC** | **34,890.00** | **463.51** | **7.00%** |

d.        Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid **100** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5.        The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **PNC Mortgage** | **2,500.00** | **7.00%** |

6.        The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

7.        The employer on whom the Court will be requested to order payment withheld from earnings is:
**NONE.  Payments to be made directly by debtor without wage deduction.**

8.        The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

9.        Property to Be Surrendered to Secured Creditor

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

10.        The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| **-NONE-** | | |

11.        Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12.        As used herein, the term "Debtor" shall include both debtors in a joint case.

13.        Other Provisions:

Date  __February 23, 2012__

Signature  **S/James F. Dudley**
**James F. Dudley**
Debtor

**S/Terry L. Morrissey**
Attorney for Debtor(s)
**Consumer Legal Counseling Center, P.C.**
**1725 Linwood Boulevard**
**Oklahoma City, OK 73106**
**(405) 272-1500 Fax:(405) 272-3090**